# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Daniel G. Swanson
Direct: +1 213.229.7430
Fax: +1 213.229.6430
DSwanson@gibsondunn.com

Client: 03290-00056

October 10, 2014

The Honorable Denise Cote
United States District Judge
Daniel P. Moynihan U.S. Courthouse
New York, NY 10007-1312

Re:  *Diesel eBooks, LLC v. Apple Inc. et al.*, Case. No. 14-CV-1768 (DLC); *Abbey House Media, Inc. v. Apple Inc. et al.*, Case No. 14-CV-2000 (DLC)

Dear Judge Cote:

We write on behalf of all Defendants. Plaintiffs' claim for lost foreign sales is based on *foreign* agency agreements that authorized *foreign* e-book sales under *foreign* license rights to *foreign* consumers. Plaintiffs' claim thus falls far outside the scope of the Sherman Act as confirmed by the Second Circuit, *Lotes Co., Ltd. v. Hon Hai Precision Ind. Co., Ltd.*, 753 F.3d 395, 404 (2d Cir. 2014) (the Sherman Act does not apply to "'arrangements [that] adversely affect only foreign markets'"), and this Court's ruling in *DNAML*. Plaintiffs do not dispute the *DNAML* ruling but claim that DNAML is Australian while they are "domestic actors" placing "domestic conduct . . . at issue." But "[w]hether plaintiffs are [U.S.] citizens is irrelevant." *Turicentro v. Am. Airlines*, 303 F.3d 293, 301 n.5 (3d Cir. 2002); *see also In re Microsoft Corp. Antitrust Litig.*, 127 F.Supp.2d 702, 716 (D. Md. 2001) ("The critical question is not the nationality of the plaintiff."). Nor does it matter that the alleged misconduct "originates in the U.S. or involves American-owned entities operating abroad." *United Phos., Ltd. v. Angus Chem. Co.*, 131 F.Supp.2d 1003, 1009-10 (N.D. Ill. 2001). Rather, the critical issues under the FTAIA are (1) whether the conduct complained of—here, the alleged imposition of agency agreements in foreign markets—"ha[d] a 'direct, substantial, and reasonably foreseeable effect' on" domestic or export commerce and (2) whether that effect gave rise to Plaintiffs' claim. *Lotes*, 753 F.3d at 403-04. As the Second Circuit recognized in *Lotes*, the FTAIA is substantive and nonjurisdictional, and there must be sufficient allegations to state a claim involving foreign commerce. *Id.* at 405-06. Plaintiffs' complaints are silent on these issues, as is BooksOnBoard's declaration.

And it is clear that the FTAIA tests cannot be satisfied. First, the foreign agency agreements had no effects on domestic or export commerce. The Plaintiffs' Complaints allege only a U.S. relevant market and there are no allegations regarding foreign agreements or foreign sales. Plaintiffs claim the alleged conspiracy "'destroyed' competition in the [domestic] e-book market" (Dkt. 76 at 2), but the *domestic* agency agreements are what allegedly caused this result. The *foreign* agency agreements, by contrast, had no domestic effects, and Plaintiffs do not even attempt to identify any, but instead focus on foreign effects. (Dkt. 76

# GIBSON DUNN

The Honorable Denise Cote
October 10, 2014
Page 2

at 1 [the conspiracy "snowballed into international markets"].) Moreover, Plaintiffs allege that the "relevant geographic market" is the U.S. and that e-book retailers "present a unique storefront to U.S. consumers, often with e-books bearing different retail prices than . . . on the same retailer's foreign websites." Diesel FAC at ¶107; BooksOnBoard Compl. ¶107. Plaintiffs thus concede that prices charged abroad do not affect the domestic market. Further, Plaintiffs, whose complaints "never [alleged] that they were exporters," *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 815 (9th Cir. 1988), also fail to identify any effects on U.S. export commerce. Similar claims involving the distribution by U.S. companies of products in foreign markets have been rejected under the FTAIA. *See id.* (termination of U.S. plaintiff's foreign-distribution contract "relate[d] only to foreign commerce without the requisite domestic . . . effect"); *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 2013 U.S. Dist. LEXIS 12031, at *18-19 (N.D. Cal. 2013) (same). The cases on which Plaintiffs rely involve import commerce exempted from the FTAIA or different circumstances otherwise complying with the FTAIA's requirements. *See U.S. v. Hui Hsiung*, 758 F.3d 1074, 1094 (9th Cir. 2014) (FTAIA inapplicable because "import commerce" involved); *In re TFT-LCD Antitrust Litig.*, 781 F.Supp.2d 955, 964 (N.D. Cal. 2011) (requisite domestic effect arose where plaintiff "purchased products domestically" at inflated prices); *Crompton Corp. v. Clariant Corp.*, 220 F.Supp.2d 569, 570 (M.D. La. 2002) (foreign price-fixing conspiracy had requisite effect where "defendants agreed not to sell . . . products to United States consumers at all"). Unlike in *TFT-LCD* and *Crompton* where a foreign conspiracy allegedly impacted downstream sales in the U.S., here there are no comparable effects from foreign agency agreements on the U.S. market.

Further, even if Plaintiffs could show that the foreign agreements affected domestic or export commerce, that effect did not "'give[] rise to the [their] claim'" for lost foreign sales. *Lotes*, 753 F.3d at 414. Indeed, if agency had been "imposed" only in foreign markets and not the U.S. market, Plaintiffs would *still* allege the loss of foreign sales. That is, Plaintiffs "would have suffered the same harm" regardless of domestic agency agreements, *id.* at 415, and this confirms that the loss of foreign sales arose from the foreign effects of the foreign agreements. No domestic effects caused Plaintiffs' lost foreign sales. Plaintiffs cannot satisfy the FTAIA and for the same reasons lack antitrust standing to recover foreign sales.[1] *Turicentro*, 303 F.3d at 307 (plaintiffs unable to satisfy the FTAIA have not "suffered an injury the antitrust laws were intended to prevent" and "lack antitrust standing").

---

[1] Plaintiffs apparently believe that presenting their claim for lost foreign sales as "a loss of going-concern value" solves their failure to allege facts sufficient under the FTAIA (Dkt. 76 at 1) but this is wrong: how damages are calculated does not determine whether a plaintiff can satisfy the FTAIA. *See* 15 U.S.C. § 6a; *Turicentro*, 303 F.3d at 304 (dismissing antitrust claims under the FTAIA even though "Plaintiffs [had] allege[d] defendants' conduct ha[d] . . . reduced their business values").

GIBSON DUNN

The Honorable Denise Cote
October 10, 2014
Page 3


Sincerely,

By: /s/ Daniel Swanson

Theodore J. Boutrous, Jr.
Daniel G. Swanson
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
tboutrous@gibsondunn.com

Lawrence J. Zweifach
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Cynthia Richman
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8500

*On behalf of Defendant Apple Inc.*

GIBSON DUNN

The Honorable Denise Cote
October 10, 2014
Page 4


By: *Saul P. Morgenstern*

Saul P. Morgenstern
Amanda C. Croushore
Alice C. C. Huling
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000
Fax: (212) 836-6333
saul.morgenstern@kayescholer.com
amanda.croushore@kayescholer.com
alice.huling@kayescholer.com

*On behalf of Defendant The Penguin Group,
A Division of Pearson PLC*


By: *Michael Lacovara*

Michael Lacovara
Richard S. Snyder (pro hac vice)
Samuel J. Rubin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 277-4000
Fax: (212) 277-4001
michael.lacovara@freshfields.com
richard.snyder@freshfields.com
samuel.rubin@freshfields.com

*On behalf of Defendant Hachette Book Group, Inc.*

GIBSON DUNN

The Honorable Denise Cote
October 10, 2014
Page 5

By: *Joel M. Mitnick*

Joel M. Mitnick
John J. Lavelle
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
jmitnick@sidley.com
jlavelle@sidley.com

*On behalf of Defendants Holtzbrinck Publishers, LLC d/b/a Macmillan and Verlagsgruppe Georg von Holtzbrinck GmbH*

By: *James W. Quinn*

James W. Quinn
Yehudah L. Buchweitz
Jeff L. White
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
james.quinn@weil.com
yehudah.buchweitz@weil.com
jeff.white@weil.com

*On behalf of Defendant Simon & Schuster, Inc.*

GIBSON DUNN

The Honorable Denise Cote
October 10, 2014
Page 6


By: *[signature: C. Scott Lent]*

Charles Scott Lent
Arnold & Porter LLP
399 Park Avenue, 34th Floor
New York, NY 10022
Tel: (212) 715-1784
Fax: (212) 715-1399
scott.lent@aporter.com

*On behalf of Defendant HarperCollins Publishers L.L.C.*