**Freshfields Bruckhaus Deringer US LLP**

**By ECF**

Hon. Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Court House
500 Pearl Street
New York, New York 10007-1312

MICHAEL LACOVARA
601 Lexington Avenue
31st Floor
New York, NY  10022
Tel +1 212 230 4630
Fax +1 646 465 7430
michael.lacovara@freshfields.com

May 18, 2015

Re:   *DNAML PTY, Limited v. Apple, Inc., et al.*, 13 Civ. 6516 (DLC)
      *Diesel eBooks, LLC v. Apple, Inc., et al.*, 14 Civ. 1768 (DLC)
      *Abbey House Media, Inc. v. Apple, Inc., et al.*, 14 Civ. 2000 (DLC)

On behalf of Defendants in the above actions, we write to renew our request for further discovery. Following our telephonic conference with the Court on May 12, Defendants communicated by e-mail and telephone with DNAML's counsel at least four times, including:

- On May 13, Defendants met and conferred by phone with DNAML's counsel regarding this issue. On that call, to narrow the scope of discovery, it was agreed that Defendants would provide DNAML's counsel with a list of questions regarding the computers and drives used by Adam Schmidt and others at DNAML and described in Mr. Schmidt's May 5, 2015 Declaration.

- On May 14, DNAML's counsel informed Defendants that DNAML would need until May 18 to provide responses to Defendants' questions, and Defendants agreed not to oppose DNAML's request for additional time.

- On May 17, DNAML's counsel informed Defendants that DNAML decided to withdraw the portions of DNAML's expert reports that rely on DNAML_0004402 ("4402").

- On May 18, Defendants spoke with DNAML's counsel to obtain further information on the circumstances that led to the withdrawal, and requested responses to the questions posed to DNAML on May 13. DNAML's counsel refused to answer any of the questions and asserted that additional discovery is unwarranted. DNAML maintains that it did not substantively alter 4402 in 2013; that inquiry into whether it was modified in 2013 is now irrelevant because of the withdrawal; and that any discovery would be burdensome.

DNAML's position is baseless and leaves Defendants' April 27, 2015 letter unresolved, dkt #118.[1] Significant questions remain regarding 4402, other DNAML documents, and the

---

[1] In Defendants' April 27 letter, we requested "that the Court (1) strike the portions of DNAML's expert reports that rely upon 4402; (2) order further discovery into spoliation, including document alteration related to at least the documents cited in this motion and a forensic audit of relevant DNAML computers and IT infrastructure; and (3) allow leave for Defendants' expert to amend his report following resolution of this issue."

# ◎ Freshfields Bruckhaus Deringer US LLP

2|3

reliability of Mr. Schmidt's Declaration. Defendants wish to follow the Court's May 12 guidance that further discovery proceed in stages.[2]

     DNAML's May 6, 2015 letter, dkt #119, included the sworn declaration from Mr. Schmidt that directly contradicts DNAML's own metadata evidence:

- Mr. Schmidt states in his Declaration that he "saved [the relevant DNAML projections] from the USB drive to a new location in November 2013 after opening them to ensure they were the versions I wanted to send to counsel and potential experts." Yet, the metadata of two of the documents show that they were actually last saved by user "JuSungK" (JuSung Kim, a DNAML employee), and the remaining iterations were last saved by the user "…". This last saved date – November 18, 2013 – happens to be the same day that Mr. Schmidt emailed an earlier iteration of the projections, also modified in November 2013, to Mr. Kim with the subject line "Case." Defendants identified this contradiction to counsel for DNAML.

- DNAML's counsel responded in a voicemail message left for Defendants on May 12, explaining that different users appear in the metadata because Mr. Schmidt would regularly "work on JuSung Kim's workstation in 2010 because he had three nice monitors." The fact that Mr. Schmidt worked on Mr. Kim's workstation in 2010 does not explain why two iterations of the document were last saved on Mr. Kim's workstation in *November 2013*, three years later.

     This is not an isolated issue. 4402 and each of the other budget projections last modified in November 2013 do not exist anywhere in DNAML's production except as modified in November 2013. Similarly, the unavailability of the drive on which Mr. Schmidt claims 4402 was stored raises concerns as to what else might not have been produced. Forensic analysis will allow the Court and any finder of fact to assess the reliability of DNAML's evidence and the credibility of Mr. Schmidt, likely to be the primary witness on behalf of DNAML at trial.

     In our most recent meet-and-confer, DNAML expressed concerns that Mr. Schmidt's laptop contains privileged communications and that its forensic examination risks disclosure of those communications. Privilege issues are routinely addressed by protocols agreed by the parties. Defendants also note that they will bear the initial cost to have a third party e-discovery firm forensically image the relevant DNAML hard drives and storage media.

     Finally, Defendants believe that any discovery on this issue can be completed without disrupting the current expert discovery and summary judgment schedules, but remain open to discussing any required adjustments in light of this process.

---

[2] In the first stage, Defendants wish to have their forensic expert examine DNAML's relevant hard drives and storage media and to have DNAML answer the May 13 questions. In the second stage, Defendants would propose to depose at least Adam Schmidt and JuSung Kim.

US2201780

**Freshfields Bruckhaus Deringer US LLP**

3|3

                                    Respectfully Submitted,

                                    /s/ Michael Lacovara
                                    Michael Lacovara
                                    Richard Snyder