

515 SOUTH FIGUEROA STREET, SUITE 1750
LOS ANGELES, CALIFORNIA 90071-3334
T. 213.622.4222 • F. 213.622.1656
WWW.BLECHERCOLLINS.COM

MBLECHER@BLECHERCOLLINS.COM

A Professional Corporation
ATTORNEYS AT LAW

May 28, 2015

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    <u>Diesel eBooks, LLC v. Apple Inc. et al., No. 14 Civ. 1768 (DLC)</u>

Dear Judge Cote:

    We write in response to Mr. Morgenstern's letter dated May 21, 2015, which concerned potential counterclaims against Plaintiff Diesel eBooks, LLC ("Diesel") by the Publisher Defendants.

    We do not intend to try this case by letter filled with false pejoratives about "fraud." We make only these limited observations:

    1. Because Diesel advised the Publisher Defendants that it would stipulate to the filing of counterclaims, that was the <u>only</u> fact that needed to be communicated to the Court in Mr. Morgenstern's letter.

    2. Diesel acknowledges a limited breach of the territorial restrictions in its contracts which prohibited sales outside the United States. The totality of such foreign sales during the approximate one year plus period that "Project Mayhem" existed are estimated to be about $120,000, a relatively small percentage of Diesel's total sales. Most important, each Publisher Defendant was fully paid for each sold book so the claims about "fraud" are sheer nonsense. Indeed, if anything these prohibited sales—which were Diesel's last-ditch effort for survival after agency—provided revenues for the Publisher Defendants that they likely would not have otherwise received. Thus, we are highly skeptical whether any Publisher has sustained any pecuniary damage as a result of the activities described by Mr. Morgenstern.

    3. We offered to reduce Diesel's damage claim by some negotiated amount or offset to avoid the time and enervation which these Counterclaims would otherwise entail. Defendants would not consider this simple and fair solution.

    4. Generally speaking, the U.S. Copyright Act does not have extraterritorial application, and courts do not have subject matter jurisdiction over infringement occurring outside of the United States. *Cooley v. Penguin Grp. (USA) Inc.,* 31 F. Supp. 3d 599, 610 n. 66 (S.D.N.Y. 2014). There is a narrow exception if the allegedly infringing party committed a domestic "predicate act"



The Honorable Denise L. Cote
May 28, 2015
Page 2

that was itself an act of infringement in violation of the copyright laws.  *Levitin v. Sony Music Entm't*, No. 14 CIV. 4461 PAC, 2015 WL 1849900, at *4 (S.D.N.Y. Apr. 22, 2015).  In their proposed Counterclaims, the Publisher Defendants have patched together a string of tenuous "predicate acts," <u>none</u> of which are acts of infringement in and of themselves: Diesel's computer servers are located in the U.S., the charging of the foreign purchasers' credit cards took place in the U.S., and Diesel authorized the copying of the book file in the U.S.  Diesel had contracts with the Publisher Defendants that granted it the license to sell and distribute Defendants' e-books in the U.S.  Therefore, there has been no infringement of Defendants' U.S. copyrights by Diesel's actions.  *Levitin*, No. 14 CIV. 4461 PAC, 2015 WL 1849900, at *4 ("None of the actions taken by Domestic Defendants constitute a violation of U.S. copyright law, when undertaken within the U.S.  For example, allegedly creating duplicate master tapes or electronic files, distributing or streaming '[song],' offering to distribute copies of '[song],' signing agreements, and 'authorizing' Affiliate Defendants to commit infringement abroad do not constitute violations of U.S. copyright law because Domestic Defendants possessed a license considered valid under U.S. law.").  Diesel will likely bring a motion to dismiss the proposed copyright infringement Counterclaims on this or a similar basis if counterclaims are filed.

     5.  If the proposed Counterclaims are filed, Diesel may seek discovery on topics including but not limited to: the Publisher Defendants' damages; the Publisher Defendants' knowledge or awareness of foreign sales by Diesel and other e-book retailers; the Publisher Defendants' communications with Diesel and other e-book retailers about foreign sales and territorial restrictions; and the actual copyright owner in each territory for each title that the Publisher Defendants claim copyright infringement.  We will need some time to assess the full scope of discovery which will be required, and the time that discovery and a motion to dismiss will take, in order to negotiate and present to the Court a new schedule.  We endeavored to combine Diesel's scheduling with Mr. Guzman's forthcoming proposed schedule for Plaintiffs DNAML Pty, Limited and Abbey House Media, Inc. d/b/a BooksOnBoard, but have been unable to find a solution that does not unnecessarily delay the other Plaintiffs.  Thus, we anticipate that the filing of the counterclaims will put Diesel's case on a separate track from DNAML and Abbey House Media for the purposes of expert discovery and summary judgment.

                        Respectfully submitted,

                        MAXWELL M. BLECHER

MMB
cc:     All counsel of record (via ECF)



The Honorable Denise L. Cote
May 28, 2015
Page 3

## CERTIFICATE OF SERVICE

I, Maxwell M. Blecher, an attorney and partner of Blecher Collins Pepperman & Joye, certify that on May 28, 2015, I electronically filed Plaintiff Diesel eBooks, LLC's Response Letter to Publisher Defendants' Letter Motion Requesting Leave to File Amended Answers with Counterclaims using the CM/ECF system, which sends notification of such filings to the e-mail addresses of all parties registered in the CM/ECF system.

Dated:   May 28, 2015
         Los Angeles, California

_____
MAXWELL M. BLECHER

75818.1